IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CT-3067-BO

| | | |
|---|---|---|
| GERALD JACOBS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHN GRIMES, et al., | ) | |
| Defendants. | ) | |

This matter was filed by a state inmate pursuant to 42 U.S.C. § 1983. Gerald Jacobs, hereinafter plaintiff, named five defendants to the action, John Grimes, John Graham, Lawrence Solomon, Eric Land, and Sharon DeBrewer. Originally, John Grimes and Lawrence Solomon were properly served, but the other three named defendants were not properly served. On August 20, 2009, the court entered an order in the action. Within the order, Lawrence Solomon's motion to dismiss him from the action was granted; John Graham was dismissed for failure to serve; and John Grime's motion to dismiss was denied as to the 42 U.S.C. § 1983 claim, but allowed as to any state law claim. The court further ordered the Attorney General to once again attempt to provide an address for Sharon DeBrewer, or DeBruhl and Dr. Eric Land. The Attorney General thereafter provided an address for Sharon DeBruhl who was served and filed a motion to dismiss. The Attorney General was unable to provide additional information regarding Dr. Eric Land, and he was dismissed from the suit.

Now before the court are John Grimes' motion for summary judgment (D.E. # 42), plaintiff's two motions for a writ of mandamus (D.E. # 39 and 46), plaintiff's motion for summary judgment (D.E. # 48) and Sharon DeBruhl's motion to dismiss (D.E. # 57). Responses to the dispositive

motions have been filed by the non-moving parties (D.E. # 45, 48, 60), and the matters are ripe for determination.

i. Motion to Dismiss

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief can be granted. In analyzing the motion, a court must determine whether the complaint is legally and factually sufficient. See FED. R. CIV. P. 12(b)(6); Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63 (2007); Giarratano v. Johnson, 521 F.3d 298, 301–02 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See Ashcroft, 129 S. Ct. at 1949–50. Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Ashcroft, 129 S. Ct. at 1949–50.

Nurse Sharon DeBruhl's defense of qualified immunity concludes this matter. Government officials are entitled to qualified immunity from civil damages as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The Fourth Circuit has recognized a two-pronged qualified immunity inquiry. First, the court must "decide whether a constitutional right would have been violated on the facts alleged." Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003). Second, assuming the right is violated, "courts must consider whether the right was clearly established at the time such that it would be clear to an

2

objectively reasonable officer that his conduct violated that right." Id. "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, ___ U.S.___, 129 S. Ct. 808 (2009). A court has discretion to decide which step in the two-prong test to analyze first. Pearson, 129 S. Ct. at 821.

Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976). In order to be liable, the official must have actual knowledge or awareness of the need. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). The indifference must be objectively harmful enough to establish a constitutional violation. See id. at 837–40. Disagreement with medical staff over the course of treatment is not sufficient to state an Eighth Amendment deliberate indifference claim. See, e.g., De'Lonta v. Angelone, 330 F.3d 630, 635 (4th Cir. 2003); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06.

Sharon DeBruhl examined plaintiff on May 5, 2006 after plaintiff submitted a sick call request the previous day. (D.E. # 36, p. 3) She determined he had hemorrhoids and provided him with topical ointment. She also advised him to "contact medical" if the condition worsened. (Id.) The following day on May 7, 2006, he declared a medical emergency. (Id., p. 4) DeBruhl again saw plaintiff and recommend plaintiff continue the course of treatment prescribed the previous day. (Id.) On May 10, 2006, while in transit from OCI to Scotland Correctional Institution, plaintiff suffered the burst perirectal abscess. (D.E. 1 at 5)

3

Case 5:08-ct-03067-BO   Document 61   Filed 07/29/10   Page 3 of 6

In the facts presented to the court, Nurse DeBruhl saw and examined plaintiff. She also prescribed a course of medication. No delay is argued, nor are there allegations that Nurse DeBruhl failed to take the complaints seriously. At most, plaintiff's allegations regarding Nurse DeBruhl's care allege medical negligence, which does not constitute deliberate indifference. Therefore, Sharon DeBruhl is cloaked with qualified immunity.

ii.  Motion for Summary Judgment

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted & emphasis removed). A trial court reviewing a summary judgment motion should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. See Matsushita, 475 U.S. at 587. The court can rely on the medical affidavits and prison medical records in ruling on a motion for summary judgment. See generally, Stanley v. Hejirika, 134 F.3d 629, 637-38 (4th Cir. 1998); Marshall v. Odom, 156 F. Supp. 2d 525, 530 (D. Md. 2001); Bennett v. Reed, 534 F. Supp. 83, 86 (E.D.N.C. 1981), aff'd, 676 F.2d 690 (4th Cir. 1982). The deliberate indifference standard is the same as set out in the motion to dismiss discussion.

Plaintiff argues he suffered from a perirectal abscess which was mis-diagnosed, caused tremendous pain, and eventually ruptured. Plaintiff contends that because of his medical complaints, defendant Grimes had him transferred.

Plaintiff was incarcerated at Odom Correctional Institution in Jackson, North Carolina. The medical records indicate plaintiff first complained on May 5, 2006, of rear end pain and blood in his stool. (D.E. # 43, Ex. A, Medical Records, p.1) The nurse (Nurse DeBruhl) noted his vital signs to be within the normal limits, there was no active bleeding, no external lesion and no sign of trauma in the rectal area. (Id.) Nursing protocol was followed. On May 7, 2006, plaintiff declared a medical emergency. (Id.) This resulted in a telephone triage consultation. (Id. Ex. C, Telephone Triage Consultation) Plaintiff denied abdominal pain, nausea, vomiting, diarrhea or constipation. (Id.) His vital signs were within the normal range. (Id.) The recommendation by the nurse was to use Tucks cream up to 5 times daily and sign up for sick call. (Id.) Plaintiff's sick call was received on May 8th and he was scheduled for an appointment on May 10, 2006. (Id., Ex. D, Sick Call Request) The Segregation Health Evaluation Log does not contain the documentation of any complaints to LPN Diane Long on May 8th or May 9th. (Id., Ex. E, Segregation Health Evaluation Log)

The North Carolina Department of Correction Transfer Out/In Record shows plaintiff was transferred to Scotland Correctional on May 10, 2006. (Id., Ex. F, NCDOC Transfer Out/In Record) John Neal Vaughan, Superintendent of Odom Correctional stated plaintiff's transfer to Scotland was because of a change in custody status. (Id., Ex. H, Aff. Vaughan, ¶ 6) Scotland Correctional is a close custody facility while Odom is a medium custody facility. Superintendent Lawrence Solomon made the decision to demote and transfer plaintiff. (Id., ¶ 7) The transfer was unrelated to the

5

medical conditions and defendant Grimes was not the transferring officer. (Id., ¶ 9) Given the record now before the court, no showing of deliberate indifference to medical care by defendant John Grimes has been made. Summary judgment for John Grimes is GRANTED.

## Conclusion

Accordingly, Nurse Sharon DeBruhl's Motion to Dismiss is ALLOWED. (D.E. # 57) Likewise, John Grimes' Motion for Summary Judgment is ALLOWED. (D.E. # 42) Having so determined all other claims are DENIED, any pending motions are DENIED as MOOT, and the case is CLOSED. (D.E. # 39 and # 46)

SO ORDERED, this the 28 day of July 2010.

TERRENCE W. BOYLE
United States District Judge