IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CT-3067-BO


FILED
OCT 18 2010
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

| | | |
|---|---|---|
| GERALD JACOBS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHN GRIMES, et al., | ) | |
|     Defendants. | ) | |

This matter was filed by a state inmate pursuant to 42 U.S.C. § 1983. On July 29, 2010, the court entered an order granting Nurse Sharon DeBruhl's motion to dismiss (D.E. # 57), allowing John Grimes' motion for summary judgment (D.E. # 42), and denying all other pending motions as moot. This closed this case. On August 5, 2010, plaintiff filed a motion entitled "Objection to the Federal Magistrate Act of 1979."[1] (D.E. # 63) The court shall construe the filing liberally and review the motion as one for reconsideration under Federal Rules of Civil Procedure 59.

In considering the motion as one to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59, see Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978), the decision to grant the motion is within the sound discretion of the district court. See Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Courts have recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. See, e.g., Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir.

---

[1] The undersigned, a United States District Court Judge, ruled on the pending dispositive motions which granted the motion to dismiss and motion for summary judgment and closed the case.

1993). Consequently, "[a] Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thompson, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). Therefore, to successfully persuade this court to alter or amend its judgment, Jacobs must demonstrate a recent change in the law, newly discovered evidence, or a clear error by this court merits such a change. Jacobs has not made this showing and the motion for reconsideration is DENIED. (D.E. # 63)

SO ORDERED, this the 15 day of October 2010.

TERRENCE W. BOYLE
United States District Judge

2

Case 5:08-ct-03067-BO   Document 65   Filed 10/18/10   Page 2 of 2